UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4389

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KEITH EDWARD FRAZIER,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:11-cr-00113-F-1)

Submitted:  April 29, 2014              Decided:  May 28, 2014

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Keith Edward Frazier, Appellant Pro Se.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Keith Edward Frazier on one count of Hobbs Act robbery, and aiding and abetting, 18 U.S.C. §§ 1951, 2 (2012) ("Count One"); one count of armed bank robbery, and aiding and abetting, 18 U.S.C. §§ 2113(a), (d), 2 (2012) ("Count Three"); and two counts of using or carrying a firearm during and in relation to a crime of violence, and aiding and abetting, 18 U.S.C. §§ 924(c)(1)(A), 2 (2012) ("Counts Two and Four"). Without a plea agreement, Frazier pleaded guilty to Counts Three and Four.[1] The district court sentenced him to sixty-four months on Count Three and a consecutive eighty-four months on Count Four, for a total sentence of 148 months' imprisonment.

On appeal,[2] Frazier contends that his guilty plea to the § 924(c) offense was not knowing and voluntary because the district court failed to correctly advise him about the mandatory minimum sentence he faced. Furthermore, he argues that the district court improperly imposed an enhanced sentence under § 924(c)(1)(A)(ii). For the reasons that follow, we

---

[1] Frazier proceeded to trial on Counts One and Two and the jury acquitted him on both counts.

[2] Frazier has elected to proceed pro se on appeal.

affirm Frazier's convictions but vacate the sentence and remand for resentencing on Count Four.

Rule 11 of the Federal Rules of Criminal Procedure requires that, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must determine that the defendant's guilty plea is knowing and voluntary. United States v. Vonn, 535 U.S. 55, 58 (2002). Because Frazier is asserting for the first time on appeal that the district court improperly advised him regarding the mandatory minimum penalty for his § 924(c) conviction, our review is for plain error. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009); see also United States v. Mescual-Cruz, 387 F.3d 1, 6-7 (1st Cir. 2004) (reviewing claim not raised in motion to withdraw before district court for plain error).

To establish plain error, Frazier "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." Massenburg, 564 F.3d at 342-43. "The decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks and citations omitted).

Before accepting a guilty plea, a district court is required under Rule 11(b)(1)(I) to ensure that the defendant

3

understands any applicable mandatory minimum penalty.  Fed. R. Crim. P. 11(b)(1)(I).  To satisfy this obligation, the court must "clearly advise" the defendant of the applicable minimum penalty.  United States v. Good, 25 F.3d 218, 223 (4th Cir. 1994).

Prior to accepting Frazier's guilty plea, the district court advised Frazier about the minimum and maximum sentences he faced on each count in the indictment, including Counts Two and Four--the § 924(c) offenses.  The court informed Frazier that he faced a mandatory minimum sentence of twenty-five years on Count Four.  Although this was the maximum mandatory minimum exposure Frazier faced on Count Four if he had also been convicted on Count Two, see 18 U.S.C. § 924(c)(1)(C)(i) (twenty-five year mandatory minimum sentence for subsequent § 924(c) convictions), Frazier's mandatory minimum sentencing exposure on Count Four was as little as five years' imprisonment, see 18 U.S.C. § 924(c)(1)(A)(i) (establishing five year mandatory minimum sentence for first § 924(c) violation without aggravating factors).

We assume without deciding that Rule 11 requires a district court to alert a defendant as to all possible mandatory minimum sentences and that Frazier therefore can meet his burden with respect to the first two requirements of the plain error standard.  Cf. United States v. Goins, 51 F.3d 400, 404 (4th

4

Cir. 1995) (rejecting, in dicta, the government's argument that "enumerating all possible minimum sentences" would impose an "onerous" burden on the district court). But Frazier still must show that the error affected his substantial rights. Specifically, in this context, he must demonstrate that he would not have pleaded guilty but for the error. United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002). Frazier has not met his burden.

Frazier filed three motions to withdraw his guilty plea and again challenged his guilty plea at the sentencing hearing. But Frazier never raised the Rule 11(b)(1)(I) error in the district court. Frazier pleaded guilty to Count Four when he was under the impression that he faced at least twenty-five years in prison for this offense. He cannot now credibly assert that he would not have pleaded guilty had he been informed that his sentencing exposure on Count Four was in fact as low as five years. Accordingly, we conclude that Frazier has not met his burden of showing that any error in advising him about his mandatory minimum sentencing exposure affected his substantial rights. We therefore reject his challenge to his guilty plea.

Next, Frazier argues that the district court improperly sentenced him to seven years' imprisonment on Count Four based on its erroneous determination that a seven-year mandatory minimum applied. We review a sentence for

5

reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The court must "ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation for the chosen sentence. Id. at 51; see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

Here, the district court adopted the sentencing calculations in the presentence report. Citing 18 U.S.C. § 924(c)(1)(A)(ii), the probation officer concluded that Frazier faced a mandatory minimum sentence of seven years on Count Four, consecutive to the sentence imposed on Count Three. Thus, pursuant to U.S. Sentencing Guidelines Manual § 2K2.4(b) (2012), the court sentenced Frazier to eighty-four months (seven years) on Count Four. See USSG § 2K2.4(b) (where the defendant is convicted of a § 924(c) offense, the Guidelines sentence is the statutory mandatory minimum).

The minimum statutory penalty for a § 924(c)(1)(A) offense, without enhancements, is five years. 18 U.S.C. § 924(c)(1)(A)(i). Section 924(c)(1)(A)(ii) provides an

6

enhanced penalty when the firearm is brandished.  Brandishing, however, is an element of the offense; accordingly, it must be admitted by the defendant or proven beyond a reasonable doubt in order to increase a defendant's mandatory minimum sentence. Alleyne v. United States, 133 S. Ct. 2151, 2155, 2163-64 (2013) (holding that any fact that increases the statutory mandatory minimum is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt); United States v. Strayhorn, 743 F.3d 917, 926 (4th Cir. 2014) (applying Alleyne to sentencing enhancement for brandishing under § 924(c)(1)(A)(ii)).  Frazier was not charged with, nor did he admit to, brandishing.  We therefore conclude that the district court plainly erred in imposing an enhanced penalty on Frazier pursuant to § 924(c)(1)(A)(ii).[3]

For these reasons, we vacate Frazier's sentence on Count Four and remand for resentencing on that count in light of Alleyne and Strayhorn.  We affirm the criminal judgment in all other respects.  We dispense with oral argument because thefacts and legal contentions are adequately presented in the materials

---

[3] Although the Supreme Court decided Alleyne after Frazier was sentenced, the rule it established nevertheless applies to this case.  See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
